# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv580

| | |
|---|---|
| ROBERT PEREZ, )<br>)<br>    **Plaintiff,** )<br>)<br>Vs. )<br>)<br>)<br>WELLS FARGO BANK, N.A., d/b/a )<br>WELLS FARGO HOME MORTGAGE, )<br>d/b/a AMERICA'S SERVICING )<br>COMPANY, )<br>    **Defendant.** )<br>_____ ) | **MEMORANDUM<br>OF DECISION AND<br>ORDER** |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#6). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),[1] plaintiff, who is proceeding *pro se*, was cautioned that defendant had moved to dismiss this action and that he had an opportunity to file a written response to that motion. Plaintiff did not respond.

**I.**

Defendant has filed a Motion to Dismiss contending that plaintiff has failed to state a cause of action against it. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

---

[1] While Roseboro v. Garrison involves motions for summary judgment, this court finds it helpful to advise pro se litigants of their right to respond to a motion to dismiss.

-1-

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added). The court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint fall short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id.

While the court accepts plausible factual allegations made in the complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

## II.

In this action, plaintiff seeks to enjoin a foreclosure proceeding in state court. Specifically, plaintiff seeks through injunction and raising certain federal claims to avoid repayment of amounts due to Wells Fargo under a $122,150 mortgage loan, which is

reflected note dated September 29, 2004, and secured by a Deed of Trust of the same date on real property located at 18813 Coachman's Trace, Cornelius, North Carolina.

On August 6, 2012, plaintiff filed his pro-se Complaint in Mecklenburg County, North Carolina Superior Court, seeking damages for alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601, *et seq.* (RESPA) and the Truth In Lending Act, 15 U.S.C. 1601 (TILA) in connection with consummation of the loan underlying the Note and Deed of Trust. Plaintiff seeks "[r]escission of the entire Mortgage and note amounting to clear title to property with fixtures." Complaint (#1). Plaintiff also seeks injunctive relief to permanently enjoin the foreclosure of the Cornelius property. Id.

On September 7, 2012, defendant removed this action to this court asserting federal question jurisdiction. Notice of Removal (#1). On September 10, 2012, plaintiff sold the property. See Plaintiff's Exhibit C.

### III.

In accordance with Rule 12(b)(6), the court has carefully reviewed plaintiff's Complaint and determined that he has attempted to allege 24 claims under RESPA and TILA. As defendant has shown, all of these claims are time barred as they alleged occurred some eight years prior to plaintiff bringing his action in state court. Section 2614 of RESPA provides that claims for violations of § 2605 must, at the latest, be brought within three years from the date of the ***occurrence*** of the violation:

> **§ 2614. Jurisdiction of courts; limitations**
> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

12 U.S.C. § 2614. See Booker v. Washington Mut. Bank, 2007 U.S. Dist. LEXIS 9632, at *11 (M.D.N.C. Feb. 9, 2007). Review of the pleadings reveals that the events upon which plaintiff's federal claims are founded all occurred on or before September 29, 2004. Inasmuch as plaintiffs did not file this suit until August6, 2012 – more than "3 years in the case of a violation of section 2605 ..." 12 U.S.C. § 2607 – the three-year statute of limitation had, therefore, run at the time this action was filed. Likewise, plaintiff's TILA and any Regulation Z claims are subject to the one-year statute of limitations in 15 U.S.C. § 1640(e), which provides that "[a]ny action under this section may be brought ... within one year from the date of the occurrence of the violation." See 12 C.F.R. § 226.1(e); Cordon v. Aurora Loan Servs., Inc., 2010 WL 3418214, at *6 (E.D. Va. Aug. 26, 2010) (the TILA statute of limitations applies to Regulation Z). The statutes of limitations under TILA and RESPA begin to run on the "date of the occurrence of the violation." 12 U.S.C. § 2614; 15 U.S.C. § 1640(e). Thus, all of plaintiff's federal substantive claims are time barred.

Finally, plaintiff's 25th claim for injunctive relief, enjoining foreclosure of the property, is patently moot as defendant has proffered a public record showing that plaintiff has conveyed the property to third parties. Such action for injunctive relief is moot because " plaintiff must make a clear showing that he will likely be irreparably harmed absent . . . [injunctive] relief." White v. Miller, 2011 WL 1168045, *2 (D.S.C. Mar. 7, 2011)(citation deleted). As plaintiff no longer an owner of the property, there is no possible harm and thus nothing to enjoin.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#6) is **GRANTED**, and this action is **DISMISSED** in its entirety.

Signed: October 29, 2012

Max O. Cogburn Jr.
United States District Judge